IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN MATA,

    **Plaintiff,**

vs.                                      No. CIV 08-046
                                                (JURY IS REQUESTED)

SGT. RON ANDERSON,

    **Defendant.**

## COMPLAINT FOR VIOLATION OF
## CIVIL RIGHTS UNDER COLOR OF STATE LAW

PLAINTIFF JUAN MATA, by and through his attorney, Dennis W. Montoya, MONTOYA LAW, INC., for his complaint against Defendant Ron Anderson states:

Plaintiff Nestora Garcia, Individually and as Personal Representative of the Wrongful Death Estate of Daniel Alan Garcia, deceased, and Robert Garcia, by and through their attorney Joe M. Romero, Jr., brings this complaint for violations of the civil rights of Daniel Alan Garcia, deceased, under 42 U.S.C. § 1983 and for the State torts claims. For their claims against Defendants, Plaintiffs hereby state and allege as follows:

## PARTIES

1.    Plaintiff Juan Mata is a resident of the State of New Mexico, County of San Juan, City of Farmington.

2. At times relevant to this Complaint, Defendant Ron Anderson was an employee of the Farmington Police Dept. As such, Defendant Anderson was a law enforcement officer within the meaning of the New Mexico Tort Claims Act § 41-4-3(D).

3. Defendant Ron Anderson was acting within the scope of his employment with Farmington Police Dept. at all times material to this complaint.

4. Defendant Ron Anderson is sued herein in his individual capacity as an agent/employee of the Farmington Police Dept.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983 and 1988, with jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. Venue is proper in this District as Defendants are all residents of New Mexico and all of the acts complained of occurred in New Mexico. Plaintiff's cause of action arose in New Mexico.

## FACTUAL BACKGROUND

6. In early January 2005, the Farmington Daily Times published an article that informed the public that a civil rights suit brought against several Farmington Police Officers had settled for $70,000.00.

7.  The lawsuit had been brought by Plaintiff Juan Mata, his brother Renee Barraza, and their mother, Gregoria, for violations of their civil rights by agents of the Farmington Police Department.

8.  The news coverage of the settlement by Juan Mata and his family members against the Farmington Police Department caused Defendant Anderson to become enraged.

9.  He decided to teach Juan Mata a lesson by filing charges against him. To that end, he scoured the New Mexico criminal statutes to find a law that Juan Mata may have broken.

10. Defendant's actions were motivated not by a desire to stop crime or any other legitimate reason. Instead, he was motivated solely by a desire to retaliate against Juan Mata for bringing a successful claim against Farmington Police officers and for his outspoken criticism of Farmington Police officers, particularly Officer Mike Briseno.

11. Defendant knew that Juan Mata had protested against Mike Briseno outside the police department, which also angered Defendant.

12. Defendant discovered an outdated New Mexico statute applying a criminal penalty for libeling another person.

13. Defendant filed a criminal complaint against Juan Mata alleging that he had criminally libeled Mike Briseno in retaliation for Mr. Mata's exercise of his

First Amendment rights, including but not limited to protesting and petitioning the Court for redress.

## COUNT I: FIRST AMENDMENT RETALIATION

14. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

15. The Plaintiff engaged in no activity that would legitimately give rise to a criminal complaint.

16. Defendant Anderson was well aware that Plaintiff had engaged in no criminal activity.

17. Defendant Anderson was aware that Plaintiff and his family members had exercised their First Amendment protected right of access to the Courts and had obtained a negotiated settlement against the Farmington Police Department.

18. Defendant Anderson was also aware that Plaintiff had exercised his First Amendment rights in picketing the Farmington Police Department and in otherwise petitioning for the redress of grievances against one or more members of the Farmington Police Department..

19. Defendant Anderson's act of filing criminal charges against Plaintiff was an act of retaliation against Plaintiff Juan Mata for his exercise of his First Amended protected rights.

20. A jury, after deliberating only a few minutes after trial, declared Plaintiff Juan Mata not guilty of all charges brought against him by Sgt. Anderson..

21. Defendant Anderson's act of soliciting the continued prosecution of Plaintiff Juan Mata, even though Anderson knew or had reason to know that the charges against Juan Mata were invalid, represented further acts of retaliation against Plaintiff Juan Mata for his exercise of his First Amendment protected rights.

22. The degree and type of action taken by Defendant Anderson and by others at Defendant Anderson's behest against Plaintiff Juan Mata was sufficient to chill a person of ordinary firmness in the continued exercise of his or her First Amendment rights.

23. Said First Amendment retaliation by Defendant Anderson was harmful and offensive, and Plaintiff Juan Mata was harmed and damaged by Defendant Anderson's First Amendment retaliation, in an amount to be established at trial, for which he is entitled to just and fair compensation.

24. Defendant Anderson acted maliciously, willfully, intentionally, deliberately, and with intent to cause harm and he did, in fact, cause harm to Juan Mata through said First Amendment Retaliation.

25. The assessment of punitive damages against Defendant Anderson is also therefore appropriate in this case, in order to dissuade Defendant Anderson and others from committing the same or similar acts in the future.

**WHEREFORE** Plaintiff Juan Mata requests compensatory and punitive damages against Defendant Ron Anderson pursuant to 42 U.S.C. § 1983.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

          Respectfully Submitted,
          **MONTOYA LAW, INC.**

          */s/ Electronically Filed*
By: _____
          Dennis W. Montoya
          Attorney for Plaintiff
          P.O. Box 15235
          Rio Rancho, NM 87174-0235

          (505) 246-8499
          (505) 246-8599 Facsimile