## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JUAN MATA,**
        **Plaintiff,**

**vs.**                                    **No. CIV 08-0046 JB/RLP**

**SGT. RON ANDERSON,**
        **Defendant.**

## SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW AND STATE TORT CLAIMS

Plaintiff Juan Mata, by and through his attorney, Dennis W. Montoya, MONTOYA LAW, INC., and pursuant to the authority granted by this Court's Order entered on docket on January 24, 2009, for his Second Amended Complaint against Defendant Ron Anderson states:

## PARTIES

1.      Plaintiff Juan Mata is a resident of the State of New Mexico, County of San Juan, City of Farmington.

2.      At times relevant to this Complaint, Defendant Ron Anderson was an employee of the Farmington Police Department. As such, Defendant Anderson was a law enforcement officer within the meaning of the New Mexico Tort Claims Act § 41-4-3(D) and, consequently, immunity is waived for the actions complained of herein.

3.      Defendant Ron Anderson was acting within the scope of his employment with Farmington Police Department at all times material to this complaint.

4.      Defendant Ron Anderson is sued herein in his individual capacity as an agent/employee of the Farmington Police Department.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983 and 1988, with jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. Venue is proper in this District as Defendants are all residents of New Mexico and all of the acts complained of occurred in New Mexico. Plaintiff's cause of action arose in New Mexico.

## FACTUAL BACKGROUND

6.      On or about November 28, 2004, Plaintiff Juan Mata, his brother Renee Barraza, and their mother, Gregoria, filed suit against various members of the Farmington Police Department, including José Mike Briseno, Kenneth Clay Rayborn, David Monfiles, Wilson Charley, and Jerry Vigil.

7.      In that suit Plaintiff and his family alleged that they were subjected to a well-known pattern of harassment, culminating in the beating of Plaintiff and his family on or about November 29, 2002.

8.     Both prior to and after the events that gave rise to Plaintiff's first lawsuit, Plaintiff was and remains and outspoken critic of Farmington's police officers—in particular José Mike Briseno.

9.     Plaintiff has spoken against Mr. Briseno, specifically, and the police department, generally, on several occasions.

10.     On one occasion, Plaintiff and a friend held protest signs outside the police department.

11.     On that date, upon information and belief, Lt. Doug Kennedy of the Farmington Police Department approached Plaintiff—causing Plaintiff to ask if he was breaking any laws.

12.     Upon information Lt. Kennedy and/or other Farmington Police officers informed Plaintiff that he was not violating any laws by holding the signs while standing on public property.

13.     The Farmington Daily-Times carried several articles relating to Plaintiff's claims of abuses by Farmington Police officers, many of which quoted Plaintiff and/or people associated with Plaintiff.

14.     Defendant Anderson was aware and was further angered that an attorney had sent the police department a letter complaining of various acts by José Mike Briseno.

15.     The letter was not written by Plaintiff.

16.     The letter was not signed by Plaintiff.

17.     The letter was not written at the request of Plaintiff.

18.     The letter was not written in connection with any representation of Plaintiff by the attorney.

19.     Defendant Anderson became enraged with Plaintiff for his criticism of the police department.

20.     Defendant sought to punish Plaintiff for his actions and statements, by filing criminal charges.

21.     To that end, in the presence of one or more witness, Defendant Anderson scoured the New Mexico criminal statutes to find a law that Juan Mata might be charged with—regardless of the lack of probable cause to bring such a charge.

22.     Defendant's actions were motivated not by a desire to stop crime or any other legitimate reason. Instead, he was motivated solely by a desire to retaliate against Juan Mata for bringing a successful claim against Farmington Police officers and for his outspoken criticism of Farmington Police officers, particularly Officer José Mike Briseno.

23.     Defendant discovered an outdated New Mexico statute applying a criminal penalty for libeling another person.

24.    On or about, January 11, 2005, Defendant caused to be filed a criminal complaint against Juan Mata alleging that he had criminally libeled José Mike Briseno in retaliation for Mr. Mata's exercise of his First Amendment rights, including but not limited to protesting and petitioning the Court for redress.

25.    In justifying the aforementioned filing, Defendant specifically alleged that the aforementioned letter which was not written by, signed by, written at the request of, or in connection with any representation of Plaintiff constituted a "criminal libel" of José Mike Briseno **by Plaintiff**.

26.    There was no probable cause to believe that the subject letter—even if it constituted a crime—was evidence that a crime was committed by Plaintiff.

27.    After filing the "criminal libel" charge against Plaintiff, Defendant began to fear that the statute that he had brought charges under would be struck down, as it ultimately was, as unconstitutional.

28.    On or about February 1, 2005, Defendant therefore caused the charges against Plaintiff to be amended to include "stalking" and "harassment."

29.    There was no probable cause to support either additional charge.

30.    Both of the additional charges were added to punish Plaintiff.

31.    Although Plaintiff was initially convicted of all counts in magistrate court, which is presided over by a non-attorney judge, the proceedings in that court suffer routinely and suffered in this case from various procedural irregularities.

32.     New Mexico provides that Plaintiff was entitled to a trial *de novo* to protect himself from those irregularities.

33.     At the trial *de novo* the Court dismissed the "criminal libel" charge as unconstitutional.

34.     A jury acquitted Plaintiff of the remaining counts.

35.     All of the activity that Plaintiff did engage in was protected by the United States Constitution and the Constitution of the State of New Mexico.

## COUNT I: FIRST AMENDMENT RETALIATION (CRIMINAL LIBEL CHARGE)

Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

36.     The Plaintiff engaged in no activity that would legitimately give rise to a criminal complaint for "criminal libel."

37.     Defendant Anderson was well aware that there was no probable cause to charge Plaintiff with "criminally libeling" José Mike Briseno.

38.     Defendant Anderson was aware that Plaintiff and his family members had exercised their First Amendment protected right of access to the Courts and had filed suit against the Farmington Police Department.

39.     Upon information and belief, Defendant Anderson was aware that Plaintiff had made known, both in his lawsuit and in statements, that José Mike

Briseno had twice been ruled not credible by judges overseeing criminal cases—once in state district court and once in the United States District Court for the District of New Mexico.

40.    Defendant Anderson was also aware that Plaintiff had exercised his First Amendment rights in picketing the Farmington Police Department and in otherwise petitioning for the redress of grievances against one or more members of the Farmington Police Department.

41.    Defendant Anderson's act of filing a criminal charge against Plaintiff alleging "criminal libel" was an act of retaliation against Plaintiff Juan Mata for his exercise of his First Amended protected rights.

42.    The degree and type of action taken by Defendant Anderson and by others at Defendant Anderson's behest against Plaintiff Juan Mata was sufficient to chill a person of ordinary firmness in the continued exercise of his or her First Amendment rights.

43.    The First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out.

44.    Said First Amendment retaliation by Defendant Anderson was harmful and offensive, and Plaintiff Juan Mata was harmed and damaged by

Defendant Anderson's First Amendment retaliation, in an amount to be established at trial, for which he is entitled to just and fair compensation.

45.    Defendant Anderson acted maliciously, willfully, intentionally, deliberately, and with intent to cause harm and he did, in fact, cause harm to Juan Mata through said First Amendment Retaliation.

46.    The assessment of punitive damages against Defendant Anderson is also therefore appropriate in this case, in order to dissuade Defendant Anderson and others from committing the same or similar acts in the future.

## COUNT II: 1st AMENDMENT RETALIATION (HARASSMENT CHARGE)

Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

47.    The Plaintiff engaged in no activity that would legitimately give rise to a criminal complaint for "harassment."

48.    Defendant Anderson was well aware that there was no probable cause to charge Plaintiff with "harassing" José Mike Briseno.

49.    Defendant Anderson was aware that Plaintiff and his family members had exercised their First Amendment protected right of access to the Courts and had filed suit against the Farmington Police Department.

50.    Upon information and belief, Defendant Anderson was aware that Plaintiff had made known, both in his lawsuit and in statements, that José Mike

Briseno had twice been ruled not credible by judges overseeing criminal cases—once in state district court and once in the United States District Court for the District of New Mexico.

51.     Defendant Anderson was also aware that Plaintiff had exercised his First Amendment rights in picketing the Farmington Police Department and in otherwise petitioning for the redress of grievances against one or more members of the Farmington Police Department.

52.     Defendant Anderson's act of filing a criminal charge against Plaintiff alleging "harassment" was an act of retaliation against Plaintiff Juan Mata for his exercise of his First Amended protected rights.

53.     The degree and type of action taken by Defendant Anderson and by others at Defendant Anderson's behest against Plaintiff Juan Mata was sufficient to chill a person of ordinary firmness in the continued exercise of his or her First Amendment rights.

54.     The First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out.

55.     Said First Amendment retaliation by Defendant Anderson was harmful and offensive, and Plaintiff Juan Mata was harmed and damaged by

Defendant Anderson's First Amendment retaliation, in an amount to be established at trial, for which he is entitled to just and fair compensation.

56.    Defendant Anderson acted maliciously, willfully, intentionally, deliberately, and with intent to cause harm and he did, in fact, cause harm to Juan Mata through said First Amendment Retaliation.

57.    The assessment of punitive damages against Defendant Anderson is also therefore appropriate in this case, in order to dissuade Defendant Anderson and others from committing the same or similar acts in the future.

## COUNT III: 1st AMENDMENT RETALIATION (STALKING CHARGE)

Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

58.    The Plaintiff engaged in no activity that would legitimately give rise to a criminal complaint for "stalking."

59.    Defendant Anderson was well aware that there was no probable cause to charge Plaintiff with "stalking" José Mike Briseno.

60.    Defendant Anderson was aware that Plaintiff and his family members had exercised their First Amendment protected right of access to the Courts and had filed suit against the Farmington Police Department.

61.    Upon information and belief, Defendant Anderson was aware that Plaintiff had made known, both in his lawsuit and in statements, that José Mike

Briseno had twice been ruled not credible by judges overseeing criminal cases—once in state district court and once in the United States District Court for the District of New Mexico.

62.    Defendant Anderson was also aware that Plaintiff had exercised his First Amendment rights in picketing the Farmington Police Department and in otherwise petitioning for the redress of grievances against one or more members of the Farmington Police Department.

63.    Defendant Anderson's act of filing a criminal charge against Plaintiff alleging "stalking" was an act of retaliation against Plaintiff Juan Mata for his exercise of his First Amended protected rights.

64.    The degree and type of action taken by Defendant Anderson and by others at Defendant Anderson's behest against Plaintiff Juan Mata was sufficient to chill a person of ordinary firmness in the continued exercise of his or her First Amendment rights.

65.    The First Amendment prohibits government officials from subjecting an individual to retaliatory actions, including criminal prosecutions, for speaking out.

66.    Said First Amendment retaliation by Defendant Anderson was harmful and offensive, and Plaintiff Juan Mata was harmed and damaged by

Defendant Anderson's First Amendment retaliation, in an amount to be established at trial, for which he is entitled to just and fair compensation.

67.    Defendant Anderson acted maliciously, willfully, intentionally, deliberately, and with intent to cause harm and he did, in fact, cause harm to Juan Mata through said First Amendment Retaliation.

68.    The assessment of punitive damages against Defendant Anderson is also therefore appropriate in this case, in order to dissuade Defendant Anderson and others from committing the same or similar acts in the future.

## COUNT IV: 4th AMENDMENT MALICIOUS PROSECUTION (CRIMINAL LIBEL CHARGE)

Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

69.    Defendant caused the charge of "criminal libel" to be brought against Plaintiff.

70.    Plaintiff was acquitted of the charge of "criminal libel."

71.    There was no probable cause to charge Plaintiff with "criminal libel."

72.    At the time that Defendant filed the "criminal libel" charges against Plaintiff—allegedly for sending and/or directing that a letter be sent to the police department—Defendant was fully aware that there was no probable cause to support the aforementioned "criminal libel" count.

73.     As a result of the charge of "criminal libel" being wrongfully brought against him, Plaintiff was arraigned and his freedom restricted, which constituted a seizure—in contravention of his Fourth Amendment protections. Thus, Defendant's wrongful acts proximately caused Plaintiff to suffer damages.

74.     Defendant Anderson acted maliciously, willfully, intentionally, deliberately, and with intent to cause harm and he did, in fact, cause harm to Juan Mata through said malicious prosecution.

75.     The assessment of punitive damages against Defendant Anderson is also therefore appropriate in this case, in order to dissuade Defendant Anderson and others from committing the same or similar acts in the future.

## COUNT V: 4th AMENDMENT MALICIOUS PROSECUTION (HARASSMENT CHARGE)

Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

76.     Defendant caused the charge of "harassment" to be brought against Plaintiff.

77.     Plaintiff was acquitted of the charge of "harassment."

78.     There was no probable cause to charge Plaintiff with "harassment."

79.     At the time that Defendant filed the "harassment" charges against Plaintiff, Defendant was fully aware that there was no probable cause to support the aforementioned "harassment" count.

80.     As a result of the charge of "harassment" being wrongfully brought against him, Plaintiff was arraigned and his freedom restricted, which constituted a seizure—in contravention of his Fourth Amendment protections. Thus, Defendant's wrongful acts proximately caused Plaintiff to suffer damages.

81.     Defendant Anderson acted maliciously, willfully, intentionally, deliberately, and with intent to cause harm and he did, in fact, cause harm to Juan Mata through said malicious prosecution.

82.     The assessment of punitive damages against Defendant Anderson is also therefore appropriate in this case, in order to dissuade Defendant Anderson and others from committing the same or similar acts in the future.

## COUNT VI: FOURTH AMENDMENT MALICIOUS PROSECUTION (STALKING CHARGE)

Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

83.     Defendant caused the charge of "stalking" to be brought against Plaintiff.

84.     Plaintiff was acquitted of the charge of "stalking."

85. There was no probable cause to charge Plaintiff with "stalking."

86. At the time that Defendant filed the "stalking" charges against Plaintiff—allegedly for sending and/or directing that a letter be sent to the police department—Defendant was fully aware that there was no probable cause to support the aforementioned "stalking" count.

87. As a result of the charge of "stalking" being wrongfully brought against him, Plaintiff was arraigned and his freedom restricted, which constituted a seizure—in contravention of his Fourth Amendment protections. Thus, Defendant's wrongful acts proximately caused Plaintiff to suffer damages.

88. Defendant Anderson acted maliciously, willfully, intentionally, deliberately, and with intent to cause harm and he did, in fact, cause harm to Juan Mata through said malicious prosecution.

89. The assessment of punitive damages against Defendant Anderson is also therefore appropriate in this case, in order to dissuade Defendant Anderson and others from committing the same or similar acts in the future.

## COUNT VII: MALICIOUS ABUSE OF PROCESS—TORT CLAIM (LACK OF PROBABLE CAUSE—ALL CHARGES)

Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

90.     Defendant caused the initiation of judicial proceedings against Plaintiff on the charges of "criminal libel," "harassment," and "stalking."

91.     Defendant did not have a reasonable belief, founded on known facts established after a reasonable pre-filing investigation that the claim can be established to the satisfaction of a court or jury.

92.     Taking the criminal complaint as a whole, the lack of probable cause was manifest.

93.     Defendant's actions in the use of process were not proper in the regular prosecution for the aforementioned charges.

94.     Defendant's primary motive in misusing the legal process was to accomplish an illegitimate end.

95.     Plaintiff was acquitted of all charges brought against him.

96.     As a result of the charges that were wrongfully brought against him, Plaintiff was arraigned and his freedom restricted and suffered other harms and damages to be proven at trial, including but not limited to pain and suffering in the form of emotional and psychological distress of the type and sort that any person could be expected to experience under like or similar circumstances. Thus, Defendant's wrongful acts proximately caused Plaintiff to suffer damages.

## COUNT VIII: MALICIOUS ABUSE OF PROCESS—TORT CLAIM (PROCEDURAL IMPROPRIETY—CRIMINAL LIBEL)

Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

97.     Even if there had been probable cause to bring the charge of "criminal libel" against Plaintiff, Defendant's actions were still actionable in that they were perpetrated for the purposes of harassment against Plaintiff and/or for some other or additional wrongful use of proceedings.

98.     As a result of the charge of "criminally libel," which was wrongfully brought against him, Plaintiff suffered damages, including but not limited to pain and suffering in the form of emotional and psychological distress of the type and sort that any person could be expected to experience under like or similar circumstances, restrictions upon his freedom and movement and other damages to be proven at trial.

## COUNT IX: MALICIOUS ABUSE OF PROCESS—TORT CLAIM (PROCEDURAL IMPROPRIETY—HARASSMENT)

Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

99.     Even if there had been probable cause to bring the charge of "harassment" against Plaintiff, Defendant's actions were still actionable in that

they were perpetrated for the purposes of harassment against Plaintiff and/or for some other or additional wrongful use of proceedings.

100.  As a result of the charge of "harassment," which was wrongfully brought against him, Plaintiff suffered damages, including but not limited to pain and suffering in the form of emotional and psychological distress of the type and sort that any person could be expected to experience under like or similar circumstances, restrictions upon his freedom and movement and other damages to be proven at trial.

## COUNT X: MALICIOUS ABUSE OF PROCESS—TORT CLAIM (PROCEDURAL IMPROPRIETY—STALKING)

Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

101.  Even if there had been probable cause to bring the charge of "stalking" against Plaintiff, Defendant's actions were still actionable in that they were perpetrated for the purposes of harassment against Plaintiff and/or for some other or additional wrongful use of proceedings.

102.  As a result of the charge of "stalking," which was wrongfully brought against him, Plaintiff suffered damages, including but not limited to pain and suffering in the form of emotional and psychological distress of the type and sort that any person could be expected to experience under like or similar

circumstances, restrictions upon his freedom and movement and other damages to be proven at trial.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A.  Award compensatory damages against Defendant in an amount to be determined by the jury at trial;

B.  Award punitive and exemplary damages against Defendant in a separate amount to be determined by the jury at trial for their violations of Plaintiff's federally-protected rights;

C.  Award pre- and post-judgment interest on all monetary damages in an amount to be fixed by the Court;

D.  Award Plaintiff his costs in bringing this action, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

E.  Award other and further relief as the Court deems proper under the circumstances.

## LIMITATION OF DAMAGES SOUGHT

No punitive damages are sought for claims brought pursuant to the New Mexico Tort Claims Act.

## JURY TRIAL DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully Submitted,
**MONTOYA LAW, INC.**


By:     _____

Dennis W. Montoya
Attorney for Plaintiff Mata
P.O. Box 15235
Rio Rancho, NM 87174-0235

(505) 246-8499
(505) 246-8599 Facsimile
dmontoya@montoyalaw.com


I certify that a true and correct copy of
the foregoing pleading, together with a
copy of this Certificate of Service, was
delivered to opposing counsel through
the Court's CM/ECF electronic filing
system on February 2, 2009.


_____

Dennis W. Montoya