IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


JUAN MATA,

    Plaintiff,

vs.                                                            No. 08-0046 JB/RLP

SGT. RON ANDERSON,

    Defendant.


## REPLY IN SUPPORT OF DEFENDANT RON ANDERSON'S
## MOTION FOR SUMMARY JUDGMENT

    At this stage of the proceedings, Plaintiff may no longer rely on the conclusory and unsupported allegations contained in his Second Amended Complaint.  Rather, he must come forward with competent evidence to support his claims.  See Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1537 (10th Cir. 1995) (to defeat summary judgment, plaintiff must "go beyond the pleadings and establish, through *admissible* evidence, that there is a genuine issue of material fact that must be resolved by the trier of fact.") (emphasis added).  Moreover, Plaintiff Mata was also required to "refer with particularity to those portions of the record upon which [he] relies." D.N.M. LR-CV 56.1(b).  Plaintiff's Response to Sgt. Anderson's Motion for Summary Judgment fails to do so.

    Instead, Plaintiff offers inadmissible and irrelevant speculation and hearsay, concerning immaterial facts in an effort to create the appearance of disputed facts.  In reality, Plaintiff's Response fails to present a genuine issue of material fact and summary judgment is appropriate.

**UNDISPUTED MATERIAL FACTS**

**I. PLAINTIFF FAILS TO REBUT THE UNDISPUTED MATERIAL FACTS SET FORTH IN DEFENDANT ANDERSON'S MOTION FOR SUMMARY JUDGMENT**

The party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists. See Adams v. American Guarantee and Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000); Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir.1998) (stating that moving party may satisfy their burden by "pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.") Once the movant meets its burden, the nonmovant must identify evidence that would enable a trier of fact to find in the nonmovant's favor. See Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). A plaintiff cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment but rather must produce some specific factual support of its claim. See Pueblo Neighborhood Health Centers, Inc. v. Losavio, 847 F.2d 642, 649 (10th Cir. 1988); Fritzcshe v. Albuquerque Mun. Sch. Dist., 194 F. Supp. 2d 1194, 1206 (D.N.M. 2002).

Thus, in responding to Sgt. Anderson's Motion for Summary Judgment, Plaintiff is required to do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indu. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 89 L.Ed.2d 558, 106 S.Ct. 1348, 1356 (1986). Plaintiff is not allowed to rest on mere allegations or denials, but is required to set forth specific facts showing a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L.Ed.2d 202, 106 S.Ct. 2505, 2514 (1986). Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. Id. "[A] party cannot rest.... on speculation, or on suspicion." Conoway v. Smith, 853 F.2d 789, 794 (10h Cir. 1988); see also Anderson, 477 U.S. at 249, 106 S.Ct. at 2515 ("The

plaintiff could not rest on his allegations of conspiracy to get to a jury without 'any significant probative evidence tending to support the complaint.'"). To meet his burden, therefore, Plaintiff was required to (1) point with specificity to evidence in the record and (2) demonstrate the precise manner in which that evidence supports his claims. Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1546 (10th Cir. 1995). Of particular importance, the evidence identified must be admissible. Id. at 1541 ("It is well settled in the Tenth Circuit that the Court can consider only admissible evidence in reviewing an order granting summary judgment.") Plaintiff has not carried his burden. Rather, he simply makes partial denials of undisputed facts that are not supported by the record and sets forth no evidence to support his denials. In specific:

    1.    As noted in Mata's Response, p. 5, Defendant Anderson's Undisputed Material Fact No. 1 is "Undisputed." Plaintiff's additional unsupported and conclusory allegations must be disregarded.

    2.    Fact No. 2 is "Disputed in Part." However, Plaintiff never indicates what "part" is disputed. Plaintiff does not deny that a petition was signed, by Plaintiff and others, and delivered to the Farmington Police Department by Plaintiff's mother, indicating that Officer Briseno had engaged in improper conduct. Plaintiff also does not dispute that an investigation into the allegations contained in the petition was conducted. He also does not dispute that of the individuals that responded to the investigation, over a third of the individuals reported that their signatures had been forged, or that over two thirds reported that in fact they had never had any negative contacts with Officer Briseno. Rather, Plaintiff asserts the investigation was intended to intimidate the signers, presumably to imply that the results of the investigation were flawed. However, Plaintiff offers not one shred of admissible evidence to support his accusations. Rather, Plaintiff provides the hearsay affidavits of two individuals who admit that while they

themselves have never been victimized by Officer Briseno, they nevertheless signed the petition. See Exhibits A and B to Plaintiff's Response.  Thus, not only are the affidavits improper, as set forth in Defendant Anderson's Motion to Strike Plaintiff's Affidavit Exhibits, filed November 23, 2009 *(Doc. No. 39)*, but, even if admissible, they fail to rebut Undisputed Fact No. 2 of Sgt. Anderson's Motion for Summary Judgment.

3.      Fact No. 3 is "Disputed in Part." Yet, Plaintiff does not dispute that Sgt. Anderson received the memorandums from Officer Briseno describing the threats upon his life or the content of those memorandum.  Plaintiff simply alleges that the memorandums were false.  Not only does Plaintiff fail to "refer with particularity to those portions of the record upon which [he] relies," as he is required to do so in order to dispute the evidence presented by Defendant Anderson, see D.N.M. LR-CV 56(b), but, whether or not the death threats were true is immaterial to Sgt. Anderson's state of mind in determining whether or not he had probable cause to initiate an action against Plaintiff.  Sgt. Anderson had no reason to doubt the veracity of the memorandum and Plaintiff cites no admissible evidence to the contrary.  Plaintiff's "support" proffered to "dispute" Fact No. 3 consists of a lengthy Affidavit in which no particular paragraph is identified. However, the improper Affidavit, also the subject of Defendant Anderson's Motion to Strike, filed November 23, 2009 *(Doc. No. 39)* contains no statement to dispute the material facts set forth in Fact No. 3.

4.      Though purporting to dispute Fact No. 4 "in Part," Plaintiff fails to properly refer to the record with any specific evidence. Plaintiff offers nothing other than the same factually unsupported, conclusory allegations he had when he filed his Complaint.  The facts set forth are deemed admitted because they were not specifically controverted.  D.N.M. LR-CV 56(b) ("All material facts set forth in the statement of the movant will be deemed admitted unless

specifically controverted."). Thus, the undisputed material facts show that a) the September 2004 letter was signed by Mr. Adamson, b) the author of the letter represented that he was writing on behalf the Plaintiff in this case, and c) the letter accused Officer Briseno of unlawful acts. Plaintiff's additional unsupported and conclusory allegations must be disregarded.

5.  As noted in Mata's Response, p. 7, Defendant Anderson's Undisputed Material Fact No. 5 is "Undisputed." Plaintiff's additional unsupported and conclusory allegations must be disregarded.

6.  As noted in Mata's Response, p. 7, Defendant Anderson's Undisputed Material Fact No. 6 is "Undisputed." Plaintiff's additional unsupported and conclusory allegations must be disregarded.

7.  Plaintiff disputes Defendant Anderson's Undisputed Material Fact No. 7, but offers no admissible evidence to support his allegation that Defendant Anderson and Mr. Cooke were retaliating against Plaintiff Mata. Plaintiff admits that Sgt. Anderson consulted with Mr. Cooke in mid-September 2004 to determine how to handle the situation involving Mr. Mata. See Undisputed Material Fact No. 5. Plaintiff offers no evidence that the meeting in November 2004 was anything more than a continuation of that consultation. Though Plaintiff cites to the attached affidavits of Mr. Cummings and Ms. Nagle, neither inadmissible affidavit offers anything other than speculation and hearsay with respect to Defendant Anderson's motives. See also, Defendant Anderson's Motion to Strike Plaintiff's Affidavit Exhibits, filed November 23, 2009 *(Doc. No. 39)*

8.  As noted in Mata's Response, p. 7, Defendant Anderson's Undisputed Material Fact No. 8 is "Undisputed." Plaintiff's additional unsupported and conclusory allegations must be disregarded.

9.     As noted in Mata's Response, p. 7, Defendant Anderson's Undisputed Material Fact No. 9 is "Undisputed." Plaintiff's additional unsupported and conclusory allegations must be disregarded.

10.    As noted in Mata's Response, p. 8, Defendant Anderson's Undisputed Material Fact No. 10 is "Undisputed." Plaintiff's additional unsupported and conclusory allegations must be disregarded.

11.    As noted in Mata's Response, p. 8, Defendant Anderson's Undisputed Material Fact No. 11 is "Undisputed." Plaintiff's additional unsupported and conclusory allegations must be disregarded.

## II.    PLAINTIFF FAILS TO IDENTIFY A GENUINE ISSUE OF MATERIAL FACT.

Although Plaintiff purports to dispute many of the facts of this case, none of these disputes are material to the determination of this Motion. Plaintiff's attempts to divert the Court from the real issues in this case should be disregarded.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. at 247-48 (emphasis in original). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248 (citing 10A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2725, at 93-95 (1983)). Plaintiff's Response did not identify any genuine issue of *material* fact sufficient to preclude summary judgment in favor of Defendant.  Therefore, summary judgment is appropriate and should be granted.

Moreover, the standard for analyzing a motion for summary judgment shifts slightly if, as here, a defendant raises qualified immunity as a defense in a suit under 42 U.S.C. Section 1983. Qualified immunity bars Section 1983 suits against defendants in their individual -- but not official -- capacities. See, e.g., Kentucky v. Graham, 473 U.S. 159, 167 (1985) (citations omitted). Once a moving party raises the defense of qualified immunity, the nonmoving party must (1) assert facts which, if true, would constitute a violation of a constitutional right, and (2) demonstrate that the "right was clearly established at the time such that a reasonable person in the [movant's] position would have known that [the] conduct violated the right." Garramone v. Romo, 94 F.3d 1446, 1449 (10th Cir. 1996) (citations omitted); see also, e.g., Saucier v. Katz, 533 U.S. 194, 201-02 (2001). If a nonmoving party fails to satisfy this two-part burden, a court must grant the moving party qualified immunity. See Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001).

Having raised the defense of qualified immunity on summary judgment, Plaintiff was required to assert facts which, if true, would constitute a violation of Plaintiff's constitutional rights. Garramone, 94 F.3d at 1449. Plaintiff must also show facts which, if true, would demonstrate that Sgt. Anderson participated in a violation of a known constitutional right. In his Response, Plaintiff failed to do either, and therefore, his claims must be dismissed. As described below, the undisputed facts known to Sgt. Anderson could have easily led a reasonable police officer in his position to believe that a crime had been committed. Furthermore, the undisputed evidence establishes that the summons and complaint were issued only after Sgt. Anderson sought guidance and approval from the City of Farmington's legal department.

**ARGUMENT**

I.   **THE UNDISPUTED FACTS ESTABLISH PROBABLE CAUSE.**

The Undisputed Material facts establish probable cause for filing criminal charges against Plaintiff. The New Mexico Court of Appeals has provided the following definition of probable cause:

> Probable cause exists when the facts and circumstances within the officers' knowledge, and of which they had reasonably trustworthy information, are sufficient to warrant a man of reasonable caution to believe that an offense has been, or is being committed.

State v. Copeland, 105 N.M. 27, 31, 727 P.2d 1342, 1346 (Ct. App. 1986) (citations omitted). Importantly, "[p]robable cause means more than a suspicion but less than a certainty; *only a probability of criminal conduct need be shown. The officers do not need to positively know that a crime was committed.*" Id. (emphasis supplied). Thus, no matter how vehemently Plaintiff argues that he was not guilty of the charges brought against him, or that he was ultimately acquitted, probable cause still exists where, as here, the officer has reasonable belief that a crime has been committed.

The undisputed facts support a finding of probable cause as a matter of law. Plaintiff offers no admissible evidence to rebut the undisputed facts set forth in Defendant's Motion which establish probable cause in this case. Plaintiff attempts to rebut probable cause by arguing that Sgt. Anderson knowingly relied on false information. Yet Plaintiff offers nothing to show that Sgt. Anderson knew or should have known that the information he was provided about death threats made regarding Officer Briseno were (as Mr. Cummings now claims) false. And while Plaintiff asserts that Sgt. Anderson knew that September 2004 letter was written by a contract paralegal and that the surveillance on Officer Briseno was in performed by a private investigator, that argument is completely unsupported by the record. Indeed, Sgt. Anderson himself has

8

submitted a sworn affidavit in which he clearly states that he believed the letter to have been written by an attorney on behalf Plaintiff Juan Mata, as the letter so states. See Anderson Affidavit, filed October 19, 2009 *(Doc. No. 35)*. Plaintiff offers nothing to refute Sgt. Anderson's testimony. Plaintiff has offered no admissible testimony or evidence that the evidence relied upon in Sgt. Anderson's probable cause statement was false, much less that Sgt. Anderson knew or should have reasonably believed that to be the case. The facts known to Sgt. Anderson and set forth in his affidavit establish a probability of criminal conduct and the existence of probable cause. Since probable cause is an essential element of Counts I-VII of Plaintiff's Complaint, as a matter of law, summary judgment of on all of these claims is appropriate. Hoffman v. Martinez, 2004 U.S. App. LEXIS 1882 (10th Cir. 2004); Ulibarri v. Maestas, 74 N.M. 516, 520, 395 P.2d 238, 240 (1964).

## II.     SGT ANDERSON IS ENTITLED TO QUALIFIED IMMUNITY

Whether probable cause ultimately existed or not as a legal matter, Sgt. Anderson is nevertheless entitled to qualified immunity because a reasonable police officer in his position, given the facts that he knew and the legal counsel received from the City Attorney, *could have believed* that probable caused existed to arrest the Plaintiff. Saucier v. Katz, 533 U.S. 194, 206 (2001) ("Officers can have reasonable, but mistaken, beliefs as to the facts establishing the existence of probable cause . . . and in those situations courts will not hold that they have violated the Constitution.").

As noted in his memorandum brief, Sgt. Anderson "need only raise the qualified immunity defense to shift the summary judgment burden to the plaintiff." Jantz v. Muci, 976 F.2d 623, 627 (10th Cir. 1992). As Sgt. Anderson raised qualified immunity as a defense, Plaintiff was required to "demonstrate the substantial correspondence between the conduct in

9

question and the prior law allegedly establishing that defendants' actions were clearly prohibited." Id. However, as is true of the rest of Plaintiff's response, the evidence Plaintiff cites in support of this conclusory allegation does not support his assertions

The facts known to Sgt. Anderson could have easily led a reasonable police officer in his position to believe that a crime had been committed. Furthermore, the undisputed evidence establishes that the summons and complaint were issued only after Sgt. Anderson sought guidance and approval from the City of Farmington's legal department. As set forth in Defendant's Memorandum Brief in Support of his Motion for Summary Judgment, case law clearly establishes that such circumstances demonstrate the objective reasonableness of a police officer's decision to bring charges. See e.g. Hollingsworth v. Hill, 110 F.3d 733 (10th Cir. Okla. 1997) (finding that deputy sheriff was entitled to qualified immunity because it was objectively reasonable for him to believe his actions did not violate plaintiff's rights, given that he had sought the advice of the district attorney and relied on the district attorney's advice); Cox v. Hainey, 391 F.3d 25, 32 (1st Cir. 2004) (a state trooper's consultation with an assistant district attorney "buttress[es] the conclusion that [trooper's] actions were objectively reasonable"); Frye v. Kansas City Missouri Police Dep't, 375 F.3d 785, 792 (8th Cir. 2004) (officers' consultation with city attorney demonstrates reasonableness); Wadkins v. Arnold, 214 F.3d 535, 542 (4th Cir. 2000) (authorization from county prosecutor concerning application for warrants presents compelling evidence of reasonableness); Forman v. Richmond Police Dep't, 104 F.3d 950 (7th Cir. 1997) (a lieutenant's reliance on a county prosecutor's advice provides evidence of good faith and reasonableness). In contrast, Plaintiff has offered not a shred of evidence or legal authority to support his conclusory allegations that Defendant Anderson is not entitled to qualified immunity. Defendant Anderson is therefore entitled to summary judgment.

### III.     PLAINTIFF FAILS TO IDENTIFY THE EVIDENCE OF ANY PROCEDURAL IRREGULARITY OR MISUSE OF PROCESS

Though Plaintiff asserts that "[t]here is ample evidence that the process against Plaintiff was so perverted and Plaintiff's state law claim should survive Defendant's motion," see Response, p. 12, Plaintiff fails to cite with particularity "those portions of the record upon which [he] relies," as he is required to do so in order to dispute the evidence presented by Defendant Anderson. See D.N.M. LR-CV 56(b).  The reason for that is simple - Plaintiff has no competent evidence of procedural improprieties on the part of Sgt. Anderson that would give rise to a claim of malicious abuse of process on that theory.   Sgt. Anderson's filing of a complaint, the only "wrongful" act even attributed to Sgt. Anderson, is insufficient to subject him to liability for malicious abuse of process.  See Richardson v. Rutherford, 109 N.M. 495, 502, 787 P.2d 414, 421 (1990) ("There is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions . . . .") (quoting W. Page Keeton, Dan B. Dobbs, Robert E. Keeton, & David G. Owen, Prosser and Keeton on the Law of Torts § 121, at 898 (5th ed. 1984)).  Since Plaintiff can offer nothing more than conclusory allegations of procedural impropriety, Sgt. Anderson is entitled to summary judgment on Counts VIII – X of Plaintiff's Second Amended Complaint.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment).

### III.     PLAINTIFF DOES NOT EVEN ATTEMPT TO CREATE AN ISSUE OF FACT THAT PLAINTIFF BE SIEZED IN ORDER TO ESTABLISH A CLAIM FOR MALISCIOUS PROSECUTION

In Counts IV-VI of his Second Amended Complaint, Plaintiff claims that he was maliciously prosecuted in violation of the Fourth Amendment because Sgt. Anderson lacked

probable cause to assert a criminal complaint against him for Criminal Libel (Count IV), Harassment (Count V) and Stalking (Count VI).  However, a claim for malicious prosecution requires that Plaintiff also establish the essential element of seizure.  The Undisputed Facts show that Plaintiff cannot meet this essential element because Plaintiff was not seized either through arrest or detention. Indeed, Plaintiff makes no effort to even argue that these claims should survive summary judgment.  Therefore, summary judgment should be granted in favor of Sgt. Anderson.

**IV.   THE NOVEMBER 2005 SETTLEMENT AGREEMENT SPEAKS FOR ITSELF AND BARS PLAINTIFF'S CLAIMS**

According to the document signed by Plaintiff, Mata agreed to release "any and all claims that Plaintiffs [including Juan Mata] now have or could hereafter assert against any of the Released Parties."  UMF No. 12.   The Released Parties includes the City of Farmington, its agents and employees.  Thus, despite Plaintiff's attempts to disavow the intent of the November 2005 Settlement Agreement, the document speaks for itself and expressly releases any claims Plaintiff had against Sgt. Anderson as of the date the settlement agreement was executed. Accordingly, even if Counts I, II, III, VII, VIII, IX, and X were to survive Sgt. Anderson's other summary judgment arguments (set forth above), Sgt. Anderson is entitled to summary judgment on the grounds that the claims were previously released.

**V.   PLAINTIFF'S STATE TORT CLAIMS ARE TIME-BARRED UNDER THE ACT'S TWO-YEAR STATUTE OF LIMITATION**

Even if the Notice requirements of the State Tort Claims Act do not apply to individual defendants, Plaintiff's state law claim for malicious abuse of process is barred by the two-year statute of limitations.   As a governmental entity, Sgt. Anderson (as an employee of the City of Farmington) is entitled to protection afforded by the Tort Claims Act.  NMSA 1978, § 41-4-3(C)

(1991) which provides that "[a]ctions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death."  See NMSA 1978, § 41-4-15(A).  Plaintiff's malicious abuse of process claim (unlike his Fourth Amendment malicious prosecution claim) accrued once he learned – no later than February 1, 2005 – of the allegedly improper criminal charges against him.  Accordingly, Plaintiff's claim needed to have been filed by February 1, 2007 to avoid a statute of limitations bar.  Plaintiff's malicious abuse of process claim was not asserted until February 2, 2009, when he filed his Second Amended Complaint. Though Plaintiff asserts that Sgt. Anderson "concealed his involvement," see Response, p. 12, Plaintiff offers no evidence or explanation to clarify how Sgt. Anderson was allegedly concealing himself.  In addition, Plaintiff's claim on page 12 of the Response that he did not learn of Sgt. Anderson's attempt to "get him" until after he was acquitted defies logic and contradicts the tangible evidence (*i.e.*, the criminal complaint) on which Sgt. Anderson's name appears.  The filing of a criminal complaint against him is the sole act of which Sgt. Anderson is accused.  Plaintiff admits that he was served with the criminal complaint immediately, and therefore, he cannot credibly argue that he was not aware of the purported malicious abuse of process until after he was acquitted.  Anderson is therefore entitled to summary judgment on Counts VII –X on the grounds that the claims are barred by the statute of limitations.

WHEREFORE, for the foregoing reasons and those set forth in Defendant Anderson's Motion and Brief for Summary Judgment, Defendants respectfully request that the Court enter an order granting summary judgment in his favor and against Plaintiff Juan Mata on all claims raised in his Second Amended Complaint, and awarding such other and further relief as this Court deems just and proper.

        MODRALL, SPERLING, ROEHL, HARRIS
          & SISK, P.A.

By:   /s/ Erin E. Langenwalter
    Lisa Mann
    Erin E. Langenwalter
    Alex C. Walker
    Attorneys for Sgt. Ron Anderson
    Post Office Box 2168
    500 Fourth Street NW, Suite 1000
    Albuquerque, New Mexico  87103-2168
    Telephone: 505.848.1800

I hereby certify that on November 23, 2009 I filed the foregoing electronically through the CM/ECF System, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    Dennis Montoya
    Counsel for Plaintiff

MODRALL, SPERLING, ROEHL, HARRIS & SISK, PA

By:   /s/ Erin E. Langenwalter
    Erin E. Langenwalter

*W0983115.DOCX*