**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JUAN MATA,

      Plaintiff,

vs.                                                                                   No. CIV 08-0046 JB/RLP

SGT. RON ANDERSON,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

     **THIS MATTER** comes before the Court on Defendant Anderson's Motion to Strike Plaintiff's Affidavit Exhibits Submitted in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment, filed November 23, 2009 (Doc. 39). The Court held a hearing on December 18, 2009. The primary issues are: (i) whether the Court should strike, in their entirety, four affidavits Plaintiff Juan Mata submitted on November 6, 2009 in support of his response to Defendant Sgt. Ron Anderson's motion for summary judgment, see Affidavit of Maria Mata (executed November 5, 2009)(Doc. 38-2); Affidavit of Alice Atencio (executed November 5, 2009) (Doc. 38-3); Affidavit of Brandon Cummings (executed November 3, 2009)(Doc. 38-4); and Affidavit of Monica Nagl (executed November 2, 2009)(Doc. 38-5), because the affidavits contain inadmissible hearsay and are not based on the affiants' personal knowledge; and (ii) whether the Court should strike Nagl's affidavit because Mata did not identify her as a witness until after the close of discovery. For the reasons stated on the record, and further reasons consistent with those already stated, the Court will deny the motion.

     The Court reviewed the affidavits Mata submitted in support of his response to Anderson's motion for summary judgment and has determined that the affidavits contain some information

based on personal knowledge and some non-hearsay, which constitutes competent evidence that the Court may consider in evaluating whether Mata has shown genuine issues of material fact. To the extent that the affidavits contain inadmissible hearsay, the Court will not give weight to those portions of the affidavits when it rules on Mata's pending motion for summary judgment. The Court will use the parties' briefing on this motion to strike in making its evidentiary rulings on the motion for summary judgment. The Court will be careful to expressly rule on Anderson's evidentiary objections if the Court decides it is necessary to use any of the affidavits' sworn testimony to which Anderson objects. The Court finds, however, that striking the affidavits in their entirety is inappropriate. The Court, therefore, denies Anderson's motion to strike the four affidavits.

Additionally, the Court accepts the representations of Mata's counsel, Dennis W. Montoya, made during the hearing, that he did not learn the identity of Nagl until after the close of discovery. See Transcript of Hearing at 6:2-15 (taken December 18, 2009)("Tr.")(Montoya). While Mr. Montoya concedes he knew Anderson had made statements about Mata to someone, he did not know the identity of the witness to those statements until he met Nagl at an unrelated trial in October of 2009. See Tr. at 6:2-13 (Montoya)("I knew that she was ex-Farmington Police Department and I discovered that she had information, so that was probably within two days of filing our response."). Mr. Montoya also represents that Nagl has been made available for deposition by Anderson. The Court finds that the appropriate course of action is to permit Anderson to depose Nagl and deny Anderson's motion to strike her affidavit.

**IT IS ORDERED** that the Defendant Anderson's Motion to Strike Plaintiff's Affidavit Exhibits Submitted in Support of Plaintiff's Response to Defendant's Motion for Summary Judgment is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Dennis W. Montoya
Montoya Law, Inc.
Rio Rancho, New Mexico

      *Attorneys for the Plaintiff*

Alex C. Walker
Lisa Mann
Modrall, Sperling, Roehl, Harris
  & Sisk, P.A.
Albuquerque, New Mexico

      *Attorneys for the Defendant*